## Commonwealth v. Baker

*Fred L. Brothers*, district attorney, for Commonwealth.

*Anthony Cavalcante*, for defendant.

CARR, P. J., October 29, 1946.—This is an application for modification of an order of support for a wife and child. On March 29, 1940, in a summary proceeding before a judge of this court under the provisions of section 733 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4733, defendant William Baker was found to have separated himself without reasonable cause from his wife, Virginia Baker, and their daughter, Nora, aged 17 months, and to have neglected to maintain them. On the same day an order was made requiring him to pay $7.50 a week beginning April 1, 1940, toward their support and

maintenance, and to stand committed until he should give security in the sum of $500 for compliance therewith. On April 29, 1940, when it was made to appear that he was unable to give such security, he was released from custody on his own recognizance.

The subsequent history of the case shows wilful and persistent failure by defendant to comply with the order, and repeated attachments for contempt, until finally, on May 27, 1943, he was inducted into the Army of the United States. His wife thereupon applied to the War Department Office of Dependency Benefits and obtained a family allowance of $100 a month under the provisions of the Servicemen's Dependents Allowance Act of June 23, 1942, 56 Stat. at L. 381, 37 U. S. C. §201, at seq., a second child of his having been born to her after the date of our order. He remained in the Army until October 25, 1945, when he was discharged, and during that period she received from the Federal Government a total of $2,700.

Upon defendant's discharge from the Army he returned to this county and obtained a job in the mines paying him $300 a month. On February 4, 1946, following a demand made upon him by the probation officer, he obtained a rule upon his wife and the probation officer to show cause why, as against his arrearages existing at the time of his induction into military service and against accruals since his discharge, he should not have credit for the amount by which the sums received by her from the Government were in excess of the payments required by the terms of the order.

The record discloses that defendant paid only $65 on the order previous to his induction into the Army and nothing since his discharge; but he contends that the $2,700 received by his wife while he was in the service is more than we had adjudged to be reasonable

and proper for the comfortable support of herself and the child during the whole of the period elapsed since the order was made, and that therefore he is entitled to relief from the order until the accruals thereon equal the $2,765 that she has already received.

The amount of an order of support under section 733 of The Penal Code is not determined solely by the needs of the wife, but also by the husband's ability to pay and the conditions under which the family lives. Obviously, a wife, however simply she may live, cannot comfortably maintain herself and a child on $7.50 a week, and it is not to be supposed in this case that the writer, the judge who made the order, ever thought that minimal sum adequate. It was predicated, rather, on a means basis at the time, and was actually less than the low subsistence level of a public relief budget. Nor is it likely that the Government allowance of $100 a month for herself and her two children afforded her any appreciable margin for savings. It was, in any event, a grant by the Government to the family for their immediate use, of which only $22 a month was deducted from her husband's pay; and if she has used it all, as she had a right to do, the lack of support from him now would leave them destitute, possibly to the point where it would be necessary for the public to come to their assistance. Even if by her own thrift and sacrifice she has been able to lay something by for future emergencies, it is not he but the Government that has made it possible for her to do so, and in the face of his past neglect he can hardly be heard to say that the slight measure of security she has thus providently accumulated for herself and her little ones should be relinquished.

For these reasons, we shall discharge the rule and enter an order requiring him to appear before the court that all the facts may be determined and an amended order made in accordance with his present ability to support his family.

*Order*

And now, October 29, 1946, upon consideration of the foregoing case, the rule ex parte defendant to show cause, issued February 4, 1946, is hereby discharged, at the cost of defendant, and it is ordered that he appear before the court for further hearing on Friday, November 29, 1946, of which hearing the district attorney shall give notice to Virginia Baker, relatrix.